NOV 2 2026 PM2:46 FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

RICKY LOZADA

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Supervised Release)

Case Number: 8:12-cr-186-VMC-AEP
USM Number: 51291-018
Defendant's Attorney: Ryan Maguire, AFPD

The May 18, 2026, petition (Doc. 90) alleges two violations. The defendant admits to Violations One and Two and is **ADJUDICATED GUILTY** of these violations:

| Violation Number | Nature of Violation | Date Violation Ended |
|---|---|---|
| One | New conviction for conduct, Battery | November 3, 2022 |
| Two | New conviction for conduct, Felon in Possession of a Firearm | November 3, 2022 |

The defendant's supervised release is **REVOKED**. The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 10, 2026
Date of Imposition of Sentence

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

July 10, 2026
Date

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: Gretchen OBrien

DEFENDANT: RICKY LOZADA
CASE NUMBER: 8:12-cr-186-VMC-AEP



## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for **eight months**.

_X_ The defendant is hereby remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 9/1/26 to FCC Coleman medium at Coleman, FL with a certified copy of this judgment.

B. Lott, Warden

~~UNITED STATES MARSHAL~~

By M. Register, CSO

~~DEPUTY UNITED STATES MARSHAL~~

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of two years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   __ The above drug testing condition is suspended, based on the courts determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ___ You must make restitution in accordance with 18 U.S.C. §§3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ___ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ___ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ___ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: RICKY LOZADA Judgment - Page 4 of 5
CASE NUMBER: 8:12-cr-186-VMC-AEP

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature ______________________________ Date ________________

DEFENDANT: RICKY LOZADA
CASE NUMBER: 8:12-cr-186-VMC-AEP



## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of services not to exceed an amount determined reasonable to by Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant must adhere to a medication regimen prescribed by a Licensed Mental Health Professional, if such is recommended.